*E-Filed 12/10/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES EARL HARVEY, | No. C 12-2866 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| B. THORNTON, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion to dismiss is GRANTED, and the action is DISMISSED.

## BACKGROUND

Plaintiff claims that defendants, correctional staff for the California Department of Corrections and Rehabilitation, violated his First Amendment rights by confiscating a letter referencing the Black August Organizing Committee. Defendants move to dismiss the complaint on grounds that plaintiff's claims were previously litigated in federal court, and therefore are barred by the doctrine of *res judicata*.

The following facts are undisputed.  On June 9, 2008, plaintiff filed a civil rights action ("*Harvey I*") asserting that prison officials violated his First Amendment rights by confiscating certain pieces of mail.  (Defs.' Request for Judicial Notice ("RJN") Ex. A).  On August 19, 2008, defendants confiscated a letter sent to plaintiff because it allegedly contained gang-related material.  (Mot. to Dismiss ("MTD") at 2.)  Plaintiff tried to supplement his amended complaint in *Harvey I* with the August 19, 2008 incident, and on October 10, 2008, the court dismissed the complaint with leave to amend, instructing plaintiff to, within 30 days, "file an amended complaint containing all related claims plaintiff wishes to bring in this action."  (RJN Ex. B.)  Plaintiff filed an amended complaint on October 24, 2008, which did not include the August 19, 2008 confiscation.  (RJN Ex. C.)  Plaintiff subsequently filed another civil-rights action against prison officials ("*Harvey II*") alleging First Amendment violations for confiscating mail, which included the August 19, 2008 incident.  (RJN Ex. E.)  The court dismissed *Harvey II* because *Harvey I* was still pending, but stated that, "[s]hould plaintiff wish to include the . . . August 19, 2008 incident[] in his pending complaint . . . he must file a motion in [*Harvey I*] seeking a stay of proceedings and a leave of court to file an amended complaint."  (RJN Ex. F at 3–4.)  Plaintiff filed a third civil-rights action on October 28, 2010 ("*Harvey III*"), alleging prison officials violated his First Amendment rights by confiscating his mail.  (RJN Exs. H, I.)  This action did **not** include the August 19, 2008 incident.  All parties in *Harvey I* settled on January 13, 2011, and the case was dismissed with prejudice.  (RJN Exs. J, K.)  All parties in *Harvey III* settled on December 7, 2012, and the case was dismissed with prejudice.  (RJN Exs. M, O.)  The instant action was filed on June 4, 2012, raising claims related to the August 19, 2008 confiscation.

**DISCUSSION**

The doctrine of *res judicata*, or claim preclusion, "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). A final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *See Montana v. United States*, 440 U.S. 147, 153 (1979). Judgment entered on a motion to dismiss or for summary judgment is just as binding as a judgment entered after a trial of the facts. *See Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983), *cert. denied*, 465 U.S. 1029 (1984). Where the prior action was dismissed, the dismissal must have been on the merits and with prejudice in order for the prior judgment to have claim-preclusive effect: that the dismissal was with prejudice is a necessary, but not a sufficient, condition for claim preclusion. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001).

Four criteria are used to determine whether successive lawsuits involve the same cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *C.D. Anderson*, 832 F.2d at 1100.

Plaintiff's claims are barred by *res judicata* because the record shows that all elements of that doctrine are present. Both defendants in this case were parties to all three previous law suits. *Harvey I* and *Harvey III* were both dismissed with prejudice after a settlement, which is just as binding as a judgment entered after a trial of the facts. *Ruple*, 714 F.2d at 862. For the purposes of *res judicata*, the instant lawsuit involves the same cause of action as in the three previous law suits. All prior suits involved First Amendment claims stemming

from the confiscation of letters. The same evidence from the past suits — plaintiff's gang affiliations, the gang affiliation of the Black August group, prison policies regarding gang communications, and the training and qualifications of the defendants — would be used in the instant suit. The only factual difference between the confiscation on August 19, 2008 and all the other confiscations was the particular letter, which, like in the other cases, plaintiff claimed was a political communication, and not gang related. The August 19, 2008 incident was one of many incidents forming the basis for plaintiff's argument in the prior suits that, "you can't look at this as a single act . . . this is a continuation of IGI ongoing campaign to deny my First Amendment/free speech [rights]." (RJN Ex. I at 5.) The one suit in which plaintiff raised the August 19, 2008 incident (*Harvey II*) was dismissed because the claims were so similar to the then-pending *Harvey I*.

Plaintiff argues that he could not have included the August 19, 2008 incident in his *Harvey I* amended complaint because he had not yet exhausted his administrative remedies when the court asked him to file the amended complaint. (Response to MTD at 2.) Plaintiff, however, could have added this incident to *Harvey I* after the dismissal of *Harvey II*, or when he filed *Harvey III*, as both occurred well after he exhausted his administrative remedies on January 9, 2009. This claim about the August 19, 2008 incident should have been raised in plaintiff's prior actions, and cannot now be raised in this subsequent action.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Docket No. 19) is GRANTED. The action is DISMISSED WITH PREJUDICE. The Clerk shall terminate Docket No. 19, enter judgment in favor of all defendants as to all claims, and close the file.

**IT IS SO ORDERED**.

DATED: December 10, 2013

RICHARD SEEBORG
United States District Judge

4

No. C 12-2866 RS (PR)
ORDER OF DISMISSAL

from the confiscation of letters. The same evidence from the past suits — plaintiff's gang affiliations, the gang affiliation of the Black August group, prison policies regarding gang communications, and the training and qualifications of the defendants — would be used in the instant suit. The only factual difference between the confiscation on August 19, 2008 and all the other confiscations was the particular letter, which, like in the other cases, plaintiff claimed was a political communication, and not gang related. The August 19, 2008 incident was one of many incidents forming the basis for plaintiff's argument in the prior suits that, "you can't look at this as a single act . . . this is a continuation of IGI ongoing campaign to deny my First Amendment/free speech [rights]." (RJN Ex. I at 5.) The one suit in which plaintiff raised the August 19, 2008 incident (*Harvey II*) was dismissed because the claims were so similar to the then-pending *Harvey I*.

Plaintiff argues that he could not have included the August 19, 2008 incident in his *Harvey I* amended complaint because he had not yet exhausted his administrative remedies when the court asked him to file the amended complaint. (Response to MTD at 2.) Plaintiff, however, could have added this incident to *Harvey I* after the dismissal of *Harvey II*, or when he filed *Harvey III*, as both occurred well after he exhausted his administrative remedies on January 9, 2009. This claim about the August 19, 2008 incident should have been raised in plaintiff's prior actions, and cannot now be raised in this subsequent action.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Docket No. 19) is GRANTED. The action is DISMISSED WITH PREJUDICE. The Clerk shall terminate Docket No. 19, enter judgment in favor of all defendants as to all claims, and close the file.

**IT IS SO ORDERED**.

DATED: December 10, 2013

RICHARD SEEBORG
United States District Judge